In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00250-CR
_____

**JIM LEE BAILEY III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 14-20764**

**MEMORANDUM OPINION**

A jury found appellant Jim Lee Bailey III guilty of murder and assessed punishment at seventy-five years in prison. In his sole appellate issue, Bailey challenges the sufficiency of the evidence. We affirm the trial court's judgment of conviction.

Bailey was a participant in a fight that took place at Port Arthur Town Home Apartments on September 23, 2014. The victim was shot during the altercation and ultimately died. Phyllis Skillman testified that on the day of the offense, she had

walked "a little girl that [she] take[s] care of" to the Port Arthur Town Home Apartments to catch a bus to school, and she then went to a home in that apartment complex. Skillman saw a lot of cars approaching and thought "chaos" was about to occur because there were so many cars heading through the complex. Skillman testified that she saw a fight, and she eventually heard a gunshot. Skillman testified that after the gunshot, she saw Bailey running with a gun in his hand.

Keith Page testified that he witnessed the fight. Page admitted that he gave a statement to the police, in which he indicated that he saw a black male shoot the victim. Detective Brian Fanette of the Port Arthur Police Department testified that Page identified Bailey from a photo lineup.

Detective Keith May of the Port Arthur Police Department testified that he responded to the scene of the shooting, and his investigation led him to suspect Bailey. Bailey eventually told Detective May that he shot the victim. Bailey also told Detective May that he had thrown his gun into a storm drain. Detective May subsequently located the murder weapon in a storm drain. Detective May testified that, based upon information from witnesses and his interview of Bailey, he was certain that Bailey was the assailant. Detective Patrick Britton of the Port Arthur Police Department also testified that Bailey admitted that he had shot the victim and disposed of the gun. Bailey's brother Javante testified that he did not see

2

Bailey with a gun on the day of the fight, and Bailey was not near the victim immediately before a shot was fired.

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The fact finder is the ultimate authority on the credibility of witnesses and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). We give full deference to the fact finder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. If the record contains conflicting inferences, we must presume that the fact finder resolved such facts in favor of the verdict and defer to that resolution. *Brooks v. State*, 323 S.W.3d 893, 900 n.13 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also "'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Clayton*, 235 S.W.3d at 778 (quoting *Hooper,* 214 S.W.3d at 16-17).

As previously discussed, the jury is the sole judge of the witnesses' credibility and the weight of their testimony. *Jackson*, 443 U.S. at 318-19; *see also Hooper*, 214 S.W.3d at 13. Viewing the evidence in the light most favorable to the State, the jury could reasonably conclude, beyond a reasonable doubt, that Bailey committed the offense of murder. *See* Tex. Penal Code Ann. 19.02(b)(1) (West 2011); *see also Jackson*, 443 U.S. at 318-19; *Hooper*, 214 S.W.3d at 13. We overrule Bailey's sole issue and affirm the trial court's judgment of conviction.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 22, 2016
Opinion Delivered April 13, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

4